RUSSELL LAW GROUP
DENNIS M. RUSSELL, State Bar No. 118253
9777 Wilshire Boulevard
PH-Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 990-2205
Email: lawamerica@gmail.com

Attorneys for Plaintiffs Satish K. Singh and Meena R. Singh

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH K. SINGH, an individual, and MEENA R. SINGH, an individual,<br><br>        Plaintiffs,<br><br>    vs<br><br>WILLIAM BARRY SHANNON, an individual; STEVE GRAVES, an individual; CANDACE MCCARTHY LEONE LIVING TRUST, a trust; RICHARD PATTERSON, an individual; DONNA J. PATTERSON, an individual; TULE RIVER INDIAN TRIBE, an Indian tribal entity; ROBERT NICHOLS, an individual; GRACE C. NICHOLS, an individual; TULE RIVER TRIBAL COUNCIL, an Indian tribal entity; BETTY HAYWARD, an individual; CANDACE MCCARTHY LEONE, an individual; SOPAC MCCARTHY TOMPKINS LIVING TRUST, a trust; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY JUDGMENT |

1. This is a civil action and complaint seeking damages and injunctive relief for racketeering, conspiracy, trespass, and conversion pursuant to the laws of the United States and the state of California.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 18 U.S.C. § 1331 and 18 U.S.C. 3231, relating to civil actions for violations of the laws of the United States.

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2). The events giving rise to the causes of action in this Complaint took place in Tulare County, California, and primarily concerns certain conspiracies and events that directly affect real estate located in Tulare County, California, or which filing is required at the Fresno Courthouse of the Eastern District of California. Eastern Dist. LR 3-120(d). On information and belief, Plaintiff asserts that personal jurisdiction in this action is proper because each Defendant named herein did conspire to perform, and/or actually performed, the acts complained of.

## THE PARTIES

4. Plaintiff, Satish K. Singh, is an individual located at 1745 E. Roby Avenue, Porterville, California 93257.

5. Plaintiff, Meena R. Singh, is an individual located at 1745 E. Roby Avenue, Porterville, California 93257.

6. Defendant, Steve Graves, trustee, is a trustee for the Candace McCarthy Leone Living Trust, dated May 21, 2002, within the jurisdiction of this Court. Defendant Steve Graves, trustee, is located at 9 Vinegar Hill Lane, Heber Springs, Arkansas 72543.

Defendant Steve Graves is an owner of Property A, Property B, and Property C, described below.

7.  Defendant, Candace McCarthy Leone Living Trust, is a trust within the jurisdiction of this Court.  Defendant Candace McCarthy Leone Living Trust is located at 9 Vinegar Hill Lane, Heber Springs, Arkansas 72543.  Defendant Candace McCarthy Leone Living Trust is an owner of Property A, Property B, and Property C, described below.

8.  Defendant, Richard Patterson, is an individual located at 12228 Road 296, Porterville, California 93258, within the jurisdiction of this Court.  Defendant Richard Patterson is an owner of Property D, described below.

9.  Defendants, Richard Patterson and Donna J. Patterson, trustees, are individuals within the jurisdiction of this Court.  Defendants Richard Patterson and Donna J. Patterson are located at 12228 Road 296, Porterville, California 93258.  Defendants Richard Patterson and Donna J. Patterson are owners of Property D, described below.

10.  Defendant, Tule River Indian Tribe, is a Federally recognized Indian tribal entity located at 340 N. Reservation Road, Porterville, California 93257, within the jurisdiction of this Court.  Defendant Tule River Indian Tribe is an owner of Property E, described below.

11.  Defendants, Robert Nichols and Grace C. Nichols, are individuals located at 926 E. Slauson Avenue, Los Angeles, California 90011, within the jurisdiction of this

Court. Defendants Robert Nichols and Grace C. Nichols are owners of Property F, described below.

12. Defendant, Tule River Tribal Council, is a Federally recognized Indian tribal entity located at 340 N. Reservation Road, Porterville, California 93257, within the jurisdiction of this Court. Defendant Tule River Indian Tribe is an owner of Property G, described below.

13. Defendant, Betty Hayward, is an individual located at 2361 West Marinette Avenue, Exeter, California 93221, within the jurisdiction of this Court. Defendant Betty Hayward is an owner of Property I and Property J, described below.

14. Defendant, William Barry Shannon, is an individual located at 26147 Avenue 96, Terra Bella, California 93270, within the jurisdiction of this Court. Defendant William Barry Shannon is an owner of Property L, Property M, and Property N, described below.

15. Defendant, Candace McCarthy Leone, is an individual located at 4840 Rancho Del Mar Trail, San Diego CA 92310, within the jurisdiction of this Court.

16. Defendant, Sopac McCarthy Tompkins living trust, is a trust located at 33493 Globe Drive, Springville CA 93258, within the jurisdiction of this Court.

17. The true names and capacities of certain other Defendants ("Does") are unknown to Plaintiff at this time. Plaintiffs allege that each and every unknown "Doe" defendant committed the acts and omissions alleged herein. Plaintiffs believe that information obtained during discovery will lead to the identification of each "Doe" Defendant's real name and capacity.

STATEMENT OF FACTS

COMMON TO ALL CAUSES OF ACTION

18.     Plaintiff Satish K. Singh is a real estate investor.  On or about December 31, 2007, Plaintiff Singh purchased a fee simple interest in a piece of real property located in Tulare County, California (the "Subject Property"), described as follows: "That certain parcel of land designated and delineated as 'Tract 37' located within Section 31, Township 22 South, Range 30 East, Mount Diablo Base and Meridian, according to the official plat thereof in the office of the United States of America, Bureau of Land Management."  The Subject Property is further described as Assessor's Parcel No. 305-200-006, Tulare County, California.  The Subject Property is approximately 27 acres.

19.     <u>Pothole Road.</u> A road and/or route, commonly known as and referred to on maps as "Pothole Road," exists on a certain portion of property in the vicinity of the Subject Property.  Pothole Road connects the Subject Property with Indian Reservation Road, which is located on a public right-of-way approximately 11 miles southeast of Porterville, California.

20.     On information and belief, Plaintiff alleges that Pothole Road is commonly used by persons in the vicinity of the Subject Property, and is suitable for travel by automobile.  Plaintiff further alleges that Pothole Road is commonly used by persons in the vicinity of the Subject Property, including but not limited to Defendants, for the purpose of accessing properties located in the vicinity thereof.

21.     Pothole Road is located on portions of the following properties:

a. Tract 18, section 7, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-100-018, approximately 65 acres (hereinafter "Property A");

b. Tract 19, section 7, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-100-019, approximately 160 acres (hereinafter "Property B");

c. Section 18, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-010-027, approximately 169 acres (hereinafter "Property C");

d. Section 17, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-004, approximately 640 acres (hereinafter "Property D");

e. Section 16, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-004, approximately 640 acres (hereinafter "Property E");

f. Section 21, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-021, approximately 640 acres (hereinafter "Property F");

g. Tract 11, section 22, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-011, approximately 320 acres (hereinafter "Property G");

h.  Tract 17, section 15, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-017, approximately 514.07 acres (hereinafter "Property H");

i.  Tract 12, section 22, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-012, approximately 320 acres (hereinafter "Property I");

j.  Tract 13, portional section 23, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-130-013, approximately 22.97 acres (hereinafter "Property J");

k.  That portion of the Tule River Indian Reservation located immediately adjacent to portional section 23 and portional section 26, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, Assessor's Book No. 307, Tulare County, California (hereinafter "Property K");

l.  Tract 1, portional sections 26 and 25, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-150-001, approximately 499.44 acres (hereinafter "Property L");

m.  Tract 3, section 17, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-160-003, approximately 406.62 acres (hereinafter "Property M");

n.  Tract 4, section 17, Township 22 South, Range 29 East, Mount Diablo Base and Meridian, assessor's parcel number 305-160-004, approximately 30.15 acres (hereinafter "Property N");

o. The Subject Property; and

p. Various real properties located to the east and south of the Subject Property.

22. There exists an easement, incidental and appurtenant to the Subject Property, which consists of that portion of Pothole Road which connects the Subject Property with the public right-of-way at Indian Reservation Road ("Subject Easement"). On information and belief, Plaintiffs assert that the Subject Easement arose at an unknown date prior to December 31, 2007, by action of law pursuant to paragraph 10 of the United States Organic Act of 1897.

23. There exists an easement, incidental and appurtenant to the Subject Property, which consists of that portion of Pothole Road which connects Property D with the public right-of-way at Indian Reservation Road ("Graves Easement"). The Graves Easement is located on portions of Property A, Property B, and Property C. The Graves Easement was created on or about January 26, 2004 by Defendant Steve Graves, trustee. The Graves Easement expressly allows for access by, inter alia, Defendant Richard Patterson, Defendant Tule River Indian Tribe, and Defendant Betty Hayward.

24. <u>Gates.</u> A number of vehicular access gates and/or barriers are located at various points along the length of Pothole Road (hereinafter "Gates").

25. From time to time, Defendants cause the Gates to be locked with padlocks, combination locks, and/or other unknown mechanical means. Said locking of the Gates restricts vehicular and pedestrian access along Pothole Road.

26. <u>Request for Access to the Gates.</u>  On or about June 1, 2008, Plaintiff's agent attempted to travel along Pothole Road and access the Subject Property.  Plaintiff's agent was stopped by an unknown individual, who told Plaintiff's agent, "Don't go too far, and don't travel alone, because those cowboys carry rifles and will shoot you."

27. On or about June 1, 2008, Plaintiff's agent contacted Defendant Shannon to request that the Defendant(s) allow Plaintiff to have temporary access to the Gates from time to time as necessary to travel along Pothole Road and access the Subject Property.  Defendant Shannon refused, explaining that the property was a piece of mountain and worth nothing.

28. On various dates, written correspondence mailed by Plaintiff to various Defendants has gone unanswered.

PLAINTIFF'S FIRST CAUSE OF ACTION

FOR EXTORTION IN VIOLATION OF 18 U.S.C. § 1951

29. Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

30. At all times herein pertinent, there existed in effect Section 1952 of Title 18 of the United States Code, which reads:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

31.     On information and belief, Plaintiff alleges that prior to, on or about June 1, 2008, and continuing thereafter, Defendants, and each of them, conspired to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, by extortion and attempts to do so, specifically by refusing to allow Plaintiff to have access to the Gates and to Pothole Road, so as to be in violation of 18 U.S.C. § 1952.

PLAINTIFF'S SECOND CAUSE OF ACTION

FOR CONSPIRACY AGAINST RIGHTS IN VIOLATION OF 18 U.S.C. § 241

32.     Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

33.     At all times herein pertinent, there existed in effect Section 241 of Title 18 of the United States Code, which reads:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same [shall be fined, or imprisoned, or both].

34.     On information and belief, Plaintiff alleges that prior to, on or about June 1, 2008, and continuing thereafter, Defendants, and each of them, conspired to injure, oppress, threaten, and intimidate Plaintiff in the free exercise and enjoyment of rights and privileges secured to him by the Constitution and laws of the United States, and because of his having so exercised the same, said rights including the right to travel freely to the Subject Property, the right to engage in business activity on the Subject Property,

specifically by refusing to allow Plaintiff to have access to the Gates, in violation of 18 U.S.C. § 241.

### PLAINTIFF'S THIRD CAUSE OF ACTION

### FOR NUISANCE IN VIOLATION OF CCP § 731

35. Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

36. At all times herein pertinent, there existed in effect Section 731 of the California Code of Civil Procedure, which reads in pertinent part:

> An action may be brought by any person whose property is injuriously affected, or whose personal enjoyment is lessened by a nuisance, [as defined in California Civil Code § 3479], and by the judgment in such action the nuisance may be enjoined or abated as well as damages recovered therefor.

37. Plaintiff alleges that prior to, on or about June 1, 2008, and continuing thereafter, Defendants, and each of them, caused an obstruction to Plaintiff's free use of the Subject Property, so as to interfere with the comfortable enjoyment of said Subject Property, so as to constitute a nuisance as defined in California Civil Code § 3479, in violation of California Code of Civil Procedure § 731.

### PLAINTIFF'S FOURTH CAUSE OF ACTION

### FOR TRESPASS TO LAND

38. Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

39. Plaintiff alleges that prior to, on or about June 1, 2008, and continuing thereafter, Defendants, and each of them, intentionally refused to allow access to the Gates and to Pothole Road, and to the easement running along Pothole Road, and in so doing unlawfully interfered with Plaintiff's use and possession of the Subject Property, so as to have committed a trespass to land, so as to be liable under California Civil Code § 3333.

PLAINTIFF'S FIFTH CAUSE OF ACTION

FOR WASTE

40. Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

41. Plaintiff alleges that prior to, on or about June 1, 2008, and continuing thereafter, Defendants, and each of them, injured the Subject Property by intentionally consuming the natural resources and products located thereon, in violation of Defendants' duties to refrain from doing so, so as to have committed waste upon the Subject Property, so as to be liable under California Civil Code § 3333.

PLAINTIFF'S SIXTH CAUSE OF ACTION

FOR DECLARATORY RELIEF IN RESPECT OF EASEMENT RIGHTS

42.     Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

43.     Plaintiff alleges that Defendants' refusal to allow Plaintiff to have access to the Gates, to Pothole Road, and to the Subject Easement, and Plaintiff's need for said access, constitutes an actual controversy that has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties with regard to the existence of an easement for access to the Subject Property along Pothole Road, in that Plaintiff believes that such an easement exists and should continue.

44.     Plaintiff desires a judicial determination of Plaintiffs' rights and duties, and a declaration that:

   a. An easement, valid and enforceable by law, exists along that portion of Pothole Road between Indian Reservation Road and the Subject Property;

   b. Said easement is limited to access to the Subject Property by Plaintiffs, their employees, agents, and invited visitors;

   c. Said easement shall include the right to freely travel along Pothole Road, including but not limited to accessing and unlocking the locks on any gates or other barriers along Pothole Road; and

   d. Said easement is incidental and appurtenant to the Subject Property, and title to said easement shall pass to any future owner(s) of the Subject Property or any subdivision(s) thereof.

45.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain its right to access the Subject Property.

Plaintiff now suffers an undue financial burden in his unsettled state of affairs with respect to the requested easement, because his plans to visit the Subject Property can potentially be upset if he is unable to gain access to the Gates and to Pothole Road. There is no other road available for vehicular or pedestrian access to the Subject Property.

46. Damages alone would not be sufficient to remedy Plaintiff's situation, because it would not ensure that he and any future owners are able to enjoy the full benefit of an easement along Pothole Road.

PLAINTIFF'S SIXTH CAUSE OF ACTION

FOR PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

47. Plaintiff incorporates by this reference each and every allegation contained in each paragraph above.

48. Plaintiff alleges that Defendants' refusal to allow Plaintiff to have access to the Gates, to Pothole Road, and to the Subject Easement, and Plaintiff's need for said access, has caused and is causing great and irreparable injury to Plaintiff, in that there is no other way in which a wheeled vehicle can access the Subject Property except by driving along Pothole Road, and that the inability to access the Subject Property is depriving Plaintiff of all use and enjoyment of the Subject Property.

49. Damages alone would not be sufficient to remedy Plaintiff's situation, because damages would not prohibit Defendants from closing Pothole Road in the future,

thus depriving Plaintiff and any future owners the ability to enjoy the full benefit of access to Pothole Road and the Subject Property.

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1. For an injunction prohibiting each Defendant from denying access to Porthole Road and each of the Gates, and requiring that each Defendant provide Plaintiff with a copy of a key and/or combination, as applicable, to each of the Gates;

2. For declaratory relief granting Plaintiff an easement along Pothole Road for access to the Subject Property;

3. For Plaintiff's damages according to proof;

4. For Plaintiff's costs in this action;

5. For Plaintiff's reasonable attorney's fees incurred herein; and

6. For such other relief as the Court may deem just and proper.

7. In the event of default Plaintiff demands $4,000,000.00.

DATED: March 13, 2009

                Dennis M. Russell, Esq.

                BY: ___/s/_Dennis M. Russell_____
                      Attorney for Plaintiffs, Satish K. Singh and Meena R. Singh
                      RUSSELL LAW GROUP
                      DENNIS M. RUSSELL, State Bar No. 118253
                      9777 Wilshire Boulevard
                      PH-Suite 1000
                      Beverly Hills, CA 90212

Complaint, Singh vs. Shannon et al.

Telephone: (310) 990-2205
Email: lawamerica@gmail.com