IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SATISH K. SINGH, an individual; and<br>MEENA R. SINGH, an individual,<br><br>            Plaintiffs,<br>    v.<br><br>STEVE GRAVES, an individual; et al,<br><br>            Defendants. | NO. 1:09-CV-00481 AWI-GSA<br><br>ORDER ON PLAINTIFFS'<br>NOTICE OF VOLUNTARY<br>DISMISSAL |

On November 18, 2009, Plaintiffs filed a notice of voluntary dismissal without prejudice of this matter as to the following Defendants: Steve Graves, Candace McCarthy Leone as Trustee of the Candace McCarthy Leone Living Trust, Richard Patterson, Donna J. Patterson, Tule River Indian Tribe, Tule River Indian Tribe Council, Betty Hayward, William Barry Shannon, Candace McCarthy Leone, and John Does as trustee for Sopac McCarthy Tompkins Living Trust. Plaintiffs did not include Defendants Grace C. Nichols or Robert Nichols in their voluntary dismissal. Although Plaintiffs do not indicate under which Federal Rule of Civil Procedure they are proceeding under, it appears that Plaintiffs seek to dismiss certain Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1).

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his

claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

The identified Defendants have filed no answers or motions for summary judgment in this case and it appears that no such answers or summary judgment motions have been served by these Defendants. Because Plaintiffs have exercised their right to voluntarily dismiss under Rule 41(a)(1), this case has terminated as to the identified Defendants. See Wilson, 111 F.3d at 692.

However, because Defendants Grace C. Nichols and Robert Nichols have filed an answer in this case and because Plaintiffs do not include them in their notice of dismissal, this matter remains open as to Grace C. Nichols and Robert Nichols.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to terminate Defendants Steve Graves, Candace McCarthy Leone as Trustee of the Candace McCarthy Leone Living Trust, Richard Patterson, Donna J. Patterson, Tule River Indian Tribe, Tule River Indian Tribe Council, Betty Hayward, William Barry Shannon, Candance McCarthy Leone, and John Does as trustee for Sopac McCarthy Tompkins Living Trust in light of the Plaintiffs' Rule 41(a)(1) Notice of Dismissal.

IT IS SO ORDERED.

**Dated:**   **November 19, 2009**            /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE

2